CITY OF SIDNEY, APPELLEE, *v.* THOMPSON, APPELLANT.

(No. 181—Decided October 26, 1962.)

*Mr. William E. Lang,* for appellee.
*Mr. Frank H. Marshall,* for appellant.

Kerns, J. The defendant, James Thompson, appellant herein, was tried without a jury and convicted in the Sidney Municipal Court for a violation of Section 731.01 of the ordinances of that city (driving while intoxicated).

Upon appeal to this court, six errors have been assigned, which, epitomized, raise but three questions for determination:

1. Is the ordinance under which the defendant was tried and convicted invalid and unconstitutional?

2. Was the defendant unlawfully deprived of a jury trial?

3. Is the verdict and judgment of the trial court contrary to law or against the weight of the evidence?

The ordinance under consideration provides as follows:

"No person who is under the influence of intoxicating liquor or narcotic drugs or opiates shall operate or be in actual physical control of any vehicle within the city * * *."

In discussing the first question, the defendant attacks the ordinance on the ground that it includes the language "or be in actual physical control," whereas the state statute (Section 4511.19, Revised Code) on the same subject, as amended October 21, 1953, no longer includes physical control as a possible statutory offense.

Municipalities undoubtedly have the authority to adopt and enforce police regulations which are not in conflict with the general laws. Section 3, Article XVIII, Constitution of Ohio.

The test to be applied here therefore is whether the city ordinance is in conflict with the state statute, in its present form, and this brings to mind the oft-cited case of *Village of Struthers* v. *Sokol,* 108 Ohio St., 263, the third paragraph of the syllabus of which reads as follows:

"A police ordinance is not in conflict with a general law upon the same subject merely because certain specific acts are declared unlawful by the ordinance, which acts are not referred to in the general law, or because certain specific acts are omitted in the ordinance but referred to in the general law, or because different penalties are provided for the same acts, even though greater penalties are imposed by the municipal ordinance."

See, also, *City of Columbus* v. *Barr*, 160 Ohio St., 209; *Greenburg* v. *City of Cleveland*, 98 Ohio St., 282.

But with specific reference to the offense charged herein, attention is directed to the case of *City of Toledo* v. *Best*, 172 Ohio St., 371. In that case, the Supreme Court considered an ordinance of the city of Toledo which contains language identical to that in the ordinance of the city of Sidney which is now under consideration. After recognizing the retention in the city ordinance of physical control as a possible offense and the deletion of physical control from the state statute, the court, nevertheless, upheld the constitutionality of the ordinance. In our opinion, that case provides a conclusive negative answer to the first question presented herein.

In attempting to sustain his position with reference to the second question before us, the defendant relies on Section 2945.05, Revised Code, which provides that a waiver of a trial by jury shall be in writing, signed, filed in the cause and made a part of the record. The section relied upon, however, does not supersede Section 1901.24, Revised Code, which provides that any cause in a Municipal Court, either civil or criminal, shall be tried to the court unless a jury trial is demanded in writing. *Holub* v. *State*, 127 Ohio St., 34; *In re Calhoun*, 87 Ohio App., 193; *State* v. *Partanen*, 67 Ohio App., 248. See, also, *Hoffman* v. *State*, 98 Ohio St., 137. In the present case, the record fails to show a request by the defendant that he be tried by a jury. In the absence of such a request, his contention that he was unlawfully deprived of a jury trial is without merit.

Upon further examination of the record, the third question presented herein must also be answered in the negative. The trial court specifically concluded that the defendant was under the influence of intoxicating liquor; that the defendant was in actual physical control of his vehicle within the city; and that under the undisputed facts and conclusions of law, defendant is guilty as charged. In our opinion, the evidence is of sufficient probative force to sustain the conclusions of the trial court by the requisite degree of proof. The judgment is affirmed.

*Judgment affirmed.*

CRAWFORD, P. J., and SHERER, J., concur.