Donald Herbert SAGE, #65573, Petitioner,

v.

The STATE of Oklahoma, and Ray H. Page, Warden, State Penitentiary, McAlester, Respondents.

No. A–13470.

Court of Criminal Appeals of Oklahoma.

March 18, 1964.

Donald Herbert Sage, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

NIX, Judge.

Original Proceedings in which the petitioner, Donald Herbert Sage, seeks a Writ of Habeas Corpus granting his release from the State Penitentiary at McAlester, Oklahoma. Petitioner plead Guilty to crime charged in Information in Pawnee County, charging Robbery by Means of a Dangerous Weapon, and received a Ten

Year Sentence. He now alleges to this Court that:

(1) The Information does not state a cause of action;

(2) And, the Information does not allege a felonious crime which would justify petitioner's confinement; and further;

(3) That he was without counsel at arraignment, and only had counsel for 5 minutes before entering his plea; that he was led to believe he would receive no more than 5 years imprisonment and possible probation.

This Court has held many times, that:

"The sole question in Habeas Corpus proceeding instituted by inmate of the penitentiary under commitment of plea of Guilty to a felony charge, is whether judgment pronounced against this inmate was void." Lindsey v. State, Okl.Cr., 374 P.2d 628.

The accused voluntarily entered his plea of guilty to Information, *with advice and aid of counsel,* without challenging Information by motion to quash or set aside the Information, and thereby waived any right to question proceedings or any irregularity therein. In this particular case, the Information is good and valid, and the punishment within the limits set by the Statute.

■ This Court held further in the Lindsey case, supra:

"Writ of Habeas Corpus may not be used either before or after conviction to test sufficiency of an Indictment or Information."

■ Petitioners third allegation is wholly without merit, as the record indicates he was represented by counsel at the time he entered his plea on July 31, 1961, and again on the day he was sentenced, August 2, 1961.

The Writ of Habeas Corpus is accordingly denied.

JOHNSON, P. J., and BUSSEY, J., concur.