Orvil Wade CRANE, Jr., Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14636.

Court of Criminal Appeals of Oklahoma.

Oct. 8, 1969.

Bay, Hamilton & Renegar, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale Crowder, Asst. Atty. Gen., Bruce G. Rossiter, Legal Intern, for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Orvil Wade Crane, Jr., was charged, tried and convicted in the Court of Common Pleas of Oklahoma County for the offense of Being in Actual Physical Control of a Motor Vehicle While Under the Influence of Intoxicating Liquor. From the judgment and sentence pronounced in accordance with the verdict of the jury, assessing his punishment at 60 days imprisonment in the county jail and a fine of $150.00, he appeals.

It is first contended that the trial court erred in failing to grant the defendant a mistrial when (a) the opening state-ment and (b) testimony thereafter, reflected that the State filed one charge in the Information and attempted to prove a different crime against the defendant. In considering (a), that the trial court erred in failing to grant a mistrial because of a variance between the Information and opening statement of the prosecuting attorney, we observe that this question is not properly before us for the reason that the opening statement of the prosecuting attorney was not incorporated in the record and we will not presume error from a silent record. Moreover, as we shall discuss in detail under proposition (b), the statements as made by the prosecutor that the arresting officer observed the defendant driving his motor vehicle, if made as a part of the opening statement, was properly a part of the res gestae and an exception to the general rule which is that when a defendant is put upon trial for one offense, he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone and the admission of evidence of other crimes, either prior or subsequent to the offense for which he is on trial, is inadmissible. See Roulston v. State, Okl.Cr., 307 P.2d 861.

In considering defendant's proposition (b) that there was a fatal and material variance between the evidence and the offense alleged in the Information, we will briefly set forth the facts adduced on the trial as they relate to this proposition. At pages 20–22 of the casemade on direct examination, we find the following testimony of Officer John Pruitt:

"Q. At this time would you tell the ladies and gentlemen of the jury what you first observed and what you first saw when you arrived at that location?

A. Yes, sir. I was traveling west on sixty-two which is Northeast 23rd at that location and as I came over a hill crest near this location I saw a '59 Ford pickup on the south shoulder also traveling west, which was to my left and the traffic that was going east was crossing the center line swerving around this

pickup and the pickup was moving down an incline or a grade going west and it had its headlights on. So, I went approximately two or three hundred yards on west and turned around because after the traffic had cleared the pickup still hadn't pulled out into the roadway so I turned around to see what the problem was. As I came back toward it, it had stopped so I pulled up in front of it and got out of the patrol car and went around to the driver's side. Mr. Crane was sitting behind the wheel of the pickup."

\* \* \* \* \* \*

"Q. All right. What did you do when you approached and came up to this Ford pickup?

A. I first asked him if he was having trouble and he didn't answer me. I asked him to shut off his headlights that he was confusing the on-coming traffic. The pickup was stopped right at the edge of the traveled portion of the roadway. He made no motions to do this. He was just looking down towards the steering wheel and was holding the steering wheel with both hands. Then, I asked him would he step out and he made no attempt to step out so I opened the pickup and asked him if there was anything wrong with him and he wouldn't answer me. So, I said would you please step out and took hold of his arm and he wouldn't turn loose of the steering wheel. So I took his fingers loose from the steering wheel with my hands and assisted him out. When I had him out on the shoulder or on the grass portion, it was grass on that side of the pickup, I turned loose of him then to shut his lights off and to set the brake and to put the pickup in gear and he fell down. So, I went ahead and put his lights on park and put his pickup in gear and got back out and assisted him up by the arm pits and walked him to the Patrol Unit."

On Cross-examination defense counsel elicited from the witness details concern-

ing the circumstances under which he observed the defendant in a moving vehicle. It is the defendant's present position that operating a motor vehicle while under the influence of intoxicating liquor is a separate and distinct offense from that of Actual Physical Control of a Motor Vehicle While Under the Influence of Intoxicating Liquor, and that this being true, the State's evidence tended to establish the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor and constituted a fatal variance from the offense charged in the Information.

 The defendant correctly argues that Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor and Actual Physical Control of a Motor Vehicle While Under the Influence of Intoxicating Liquor are separate and distinct offenses. See Parker v. State, Okl.Cr., 424 P.2d 997. However, we are of the opinion that this evidence was admissible as being a part of the res gestae which although not susceptible to an explicit or exact definition, has been generally construed as rendering admissible the circumstances, facts, and declarations that surround or grow out of the main fact, and shed light upon it, and tend to explain it, and made at a time so near, either prior or subsequent to the main act, as to exclude the idea of deliberation or fabrication.

It is next contended that the trial court erred in failing to allow the defendant to properly cross-examine the complaining witness, Trooper John Pruitt, both as to the verification of the Information and as to the officer's testimony in chief. Defendant sets forth the pertinent part of the record relating to his second proposition as it appears in the casemade, wherein the following proceedings were had:

"Q. Do you know an A. M. Hamilton that works for the Highway Patrol?

A. I know a A. M. Hamilton that use to work for the Highway Patrol.

Q. Did you go over any of the facts with him in this particular case?

MR. FLEMING: Objected to as being incompetent, irrelevant and immaterial. It doesn't got to any of the issues in this case.

COURT: Sustained.

MR. HAMILTON: The Information is part of the issues in this case." CM 27.

"Q. And you didn't state anything to him that the reason the car wouldn't run was because the distributor cap was off and the rotor was out of it?

A. Not that I can remember, no sir.

Q. Isn't that the reason you filed the charge of being in actual physical possession of a motor vehicle because it wasn't runable and you didn't see it run?

MR. FLEMING: I object, this is not—

THE COURT: Sustained." CM 28.

 The State succinctly answers this proposition in its Reply Brief as follows:

"The authority in Oklahoma is unanimous in holding that a defendant who goes to trial without objecting by demurrer or motion waives defects in the information not going to the substance thereof. Edwards v. State, 5 Okl.Cr. 20, 113 Pac. 214; Ex parte Spencer, 7 Okl. Cr. 113, 122 Pac. 557; Barber v. State, Okl.Cr., 388 P.2d [320] 322; Sage v. State, Okl.Cr., 390 P.2d 531; Maghe v. State, Okl.Cr., 429 P.2d 535."

It is lastly contended that the court erred in failing to give the defendant's Instruction No. 3, which provided that before the defendant could be guilty of a crime of being in actual physical possession of a motor vehicle while in an intoxicated condition, the said motor vehicle would have to be in such a condition as to operate in a usual and ordinary manner.

It was the defendant's testimony that prior to his arrest his pickup truck would not start and that he steered it some 200 feet downhill prior to stopping and working on the distributor and that he then became sleepy, got back into the car with the lights on and the key in the ignition and went to sleep at the wheel. No authority is cited approving the requested instruction in this or any other jurisdiction. Moreover, we observe that in the court's instructions, the statutory definition of "Motor Vehicle" was given and also an approved instruction on "Actual Physical Control." We are accordingly of the opinion that the court's instructions, when considered as a whole, accurately and fully set forth the applicable law.

Finding all of the assignments of error without merit, we are of the opinion that the evidence supported the verdict, the punishment imposed was well within the range provided by law, and the record was free from fundamental error, and we therefore hold that the judgment and sentence appealed from must be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.