City of Cincinnati, Appellant, *v.* Kelley, Appellee.

[Cite as Cincinnati v. Kelley (1976), 47 Ohio St. 2d 94.]

(No. 75-919—Decided July 14, 1976.)

*Mr. Paul J. Gorman*, prosecuting attorney, and *Mr. J. Anthony Sawyer*, for appellant.

*Mr. John Andrew West* and *Mr. Timothy R. Cutcher*, for appellee.

HERBERT, J. The rulings of the courts below resolved, for our purposes here, all questions concerning credibility of witnesses and weight of evidence.

This appeal concerns the validity and construction of part of Section 506-1 of the Cincinnati Municipal Code, which states:

"No person who is under the influence of alcohol or a drug of abuse as defined in Section 3719.011 Ohio Revised Code shall operate *or be in actual physical control of any vehicle within this city*." (Emphasis added.)

Appellant and appellee submit that the ordinance provides for two separate offenses, in that it prohibits one from operating *or* being in "actual physical control" of a vehicle while under the influence of alcohol or drugs of

abuse. Decisions of courts of this state and other jurisdictions construing similar statutes support that interpretation. See, e. g., *State* v. *Wilgus* (1945), 31 Ohio Ops. 443; *State* v. *Ezoto* (1961), 116 Ohio App. 1, 186 N. E. 2d 206; *State* v. *Purcell* (Del. Super. 1975), 336 A. 2d 223; *Newman* v. *Stinson* (Ky. 1972), 489 S. W. 2d 826; *State* v. *Webb* (1954), 78 Ariz. 8, 274 P. 2d 338; and *Parker* v. *State* (Okla. Crim. App. 1967), 424 P. 2d 997.

Appellee contends that insofar as the ordinance, a local police regulation, proscribes being in actual physical control of a vehicle while under the influence of alcohol or certain drugs, it conflicts with R. C. 4511.19 and is unconstitutional.[1]

R. C. 4511.19 states:

"No person who is under the influence of alcohol or any drug of abuse, or the combined influence of alcohol and any drug of abuse, shall operate any vehicle, streetcar, or trackless trolley within this state."

This question was also raised in *Sidney* v. *Thompson* (1962), 118 Ohio App. 512, 196 N. E. 2d 112, in which the defendant attacked the constitutionality of a city ordinance containing language almost identical to the ordinance now before us. In rejecting the assertion that a conflict existed, the court stated in paragraph one of its syllabus:

"A municipal ordinance making it an offense to 'operate or be in actual physical control' of a vehicle while under the influence of intoxicating liquor, narcotic drugs or opiates, is not in conflict with Section 4511.19, Revised Code, which excludes physical control as a possible statutory offense."

See, also, *Toledo* v. *Best* (1961), 172 Ohio St. 371, 176 N. E. 2d 520, where this court recognized the retention in the city ordinance of physical control as a possible statu-

---

[1]Section 3 of Article XVIII of the Constitution of Ohio provides:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

tory offense and its deletion from R. C. 4511.19,[2] yet upheld the constitutionality of the ordinance.

In view of the above, and the criterion upon which such questions of conflict are determined,[3] no conflict exists between the instant ordinance and R. C. 4511.19.

Appellant contends that under the circumstances of this case, appellee was in "actual physical control" of his vehicle, within the meaning of the ordinance.

This court has often stated that a municipality may enact ordinances to promote the health, safety and general welfare of the public if the means adopted bear a real and substantial relationship to their purpose. *Froelich* v. *Cleveland* (1919), 99 Ohio St. 376, 124 N. E. 212; *Dragelevich* v. *Youngstown* (1964), 176 Ohio St. 23, 197 N. E. 2d 334. The clear purpose of the control aspect of the instant ordinance is to deter persons from being found under circumstances in which they can directly commence operating a vehicle while they are under the influence of alcohol or particular drugs. Cf. *Mentor* v. *Giordano* (1967), 9 Ohio St. 2d 140, 224 N. E. 2d 343. This is an objective which is reasonably related to the health, safety and welfare of the general public. However, to satisfy the requirement of *Froelich* and *Dragelevich, supra,* the term "actual physical control" must relate, in a reasonable manner, to the evil the ordinance is intended to combat, viz., the prevention of the operation of vehicles by persons whose faculties are appreciably impaired from the consumption of alcohol or use of drugs of abuse.

Therefore, the term "actual physical control," as employed in the subject ordinance, requires that a person be in the driver's seat of a vehicle, behind the steering wheel,

---

[2]As noted in *Best,* both G. C. 6307-19(a) and R. C. 4511.19 which superseded it, contained physical control as a statutory offense. In October 1953 (125 Ohio Laws 461), R. C. 4511.19 was amended to delete physical control as an offense.

[3]See *Struthers* v. *Sokol* (1923), 108 Ohio St. 263, 140 N. E. 519; *Cleveland* v. *Raffa* (1968), 13 Ohio St. 2d 112, 235 N. E. 2d 138; *Cincinnati* v. *Hoffman* (1972), 31 Ohio St. 2d 163, 285 N. E. 2d 714.

in possession of the ignition key, and in such condition that he is physically capable of starting the engine and causing the vehicle to move.[4]

Under this test, the instant record supports a conclusion that appellee was under the influence of alcohol and was in actual physical control of the vehicle at the time of his arrest.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., STERN and P. BROWN, JJ., concur.
CELEBREZZE, J., concurs in the judgment only.
CORRIGAN and W. BROWN, JJ., dissent.

---

[4] Under the test for "actual physical control," as enunciated herein, the fact that appellee's interlock seat belt was not fastened bears solely upon his capability to start the engine.