CITY OF TOLEDO, APPELLEE, v. VOYLES, APPELLANT.

420

(No. L-83-330—Decided
February 17, 1984.)

*Mr. John T. Madigan,* chief prosecutor, and *Mr. James N. Turner,* for appellee.
*Mr. Gordon R. Barry,* for appellant.

DOUGLAS, J. This case is before the court on appeal from the judgment of the Toledo Municipal Court wherein defendant-appellant, Robert C. Voyles, was found guilty of violating Section 333.01(b)(1) of the Toledo Municipal Code and sentenced accordingly. This section provides in relevant part:

"(b) Physical Control. No person shall be in actual physical control of any vehicle within the Municipality if any of the following apply:

"(1) The person is under the influence of alcohol or any drug of abuse, or the combined influence of alcohol and any drug of abuse;"

Appellant appeals his conviction and sentence, assigning as error the following:

"I. The offense of being in 'actual physical control' of an automobile while under the influence of alcohol as forbidden by Toledo Municipal Code Chapter 333.01(B)(1) [*sic*] requires proof beyond a reasonable doubt that the subject automobile is capable of being started and operated, and such fact was not proved beyond a reasonable doubt.

"II. The finding of guilty is against the manifest weight of the evidence."

Our Supreme Court, in *Cincinnati v. Kelley* (1976), 47 Ohio St. 2d 94 [1 O.O.3d 56], addressed the question of what elements were necessary to sustain a conviction of a defendant who was charged with being under "actual physical control" of a vehicle in violation of a similar Cincinnati Municipal Code provision.[1] To be in "actual physical control" in violation of the Cincinnati ordinance, the Supreme Court held that "* * * a person must be in the driver's seat of the vehicle, behind the steering wheel, in possession of the ignition key, and be in such condition that he is physically capable of starting the engine and causing the vehicle to move."

The purpose of the "control" aspect of this type of ordinance is "* * * to deter persons from being found under circumstances in which they can directly commence operating a vehicle while they are under the influence of alcohol * * *." *Kelley, supra,* at 97. " "* * * [A]n intoxicated person seated behind the steering wheel of a * * * vehicle is a threat to the safety and welfare of the public. * * *" " *Kirby* v. *State* (S.D. 1978), 262 N.W. 2d 49, 51. See, also, *State* v. *Webb* (1954), 78 Ariz. 8, 11, 274 P. 2d 338, 340.

The inference to be drawn is that a person who has placed himself behind the wheel of a vehicle could have started the vehicle and driven away. *Kirby, supra,* at 51. The Toledo City Council, in prohibiting persons from being in "actual physical control" of a vehicle while under the influence of alcohol, has enabled law enforcement officials to apprehend the prospective drunken driver before he strikes. Cf. *Hughes* v. *State* (Okla. Crim. App. 1975), 535 P. 2d 1023, 1024.

Appellant asserts that in order to sustain a conviction against a defendant

---

[1] The applicable provision of the Cincinnati Municipal Code, Section 506-1, stated:

" 'No person who is under the influence of alcohol or a drug of abuse as defined in Section 3719.011 Ohio Revised Code shall operate *or be in actual physical control of any vehicle within this city.*' " (Emphasis sic.) *Kelley, supra,* at 95.

who is charged with violating the physical control ordinance, the prosecution must prove beyond a reasonable doubt, as an element of the offense, that the vehicle of which the defendant was in actual physical control was operable. In support of appellant's position, our independent research has indicated that the case of *Key* v. *Town of Kinsey* (Ala. Crim. App. 1982), 424 So. 2d 701, tends to support appellant's position. The Alabama court held that the necessary elements to establish that one is in physical control of a vehicle are:

"1. Active or constructive possession of the vehicle's ignition key by the person charged or, in the alternative, proof that such a key is not required for the vehicle's operation;

"2. Position of the person charged in the driver's seat, behind the steering wheel, and in such condition that, except for the intoxication, he or she is physically capable of starting the engine and causing the vehicle to move;

"3. A vehicle that is operable to some extent." *Key, supra,* at 703-704.

Conversely, the Oklahoma Court of Criminal Appeals, in *Crane* v. *State* (1969), 461 P. 2d 986, 989, held that it was not necessary for the trial court to instruct the jury that in order for the defendant to be found guilty, the vehicle in which the defendant was seated must have been operable.

The Ohio Supreme Court did not indicate in *Kelley, supra,* although it had the opportunity to do so, that proof that the vehicle was absolutely operable was necessary to sustain a conviction of violating the physical control ordinance. We also decline to do so here. Appellant's first assignment of error is found not well-taken.

Appellant also contends that his conviction is against the manifest weight of the evidence. The testimony of the arresting officer shows that appellant was asleep, seated in the driver's seat behind the steering wheel of a vehicle and intoxicated, and that the key was in the ignition. The testimony of the arresting officer, if believed, would convince the trier of fact of appellant's guilt beyond a reasonable doubt. Appellant's second assignment of error is, therefore, found not well-taken.

Appellant was not prejudiced or prevented from having a fair trial. The judgment of the Toledo Municipal Court is affirmed at appellant's costs.

*Judgment affirmed.*

HANDWORK and WILEY, JJ., concur.

WILEY, J., retired, of the Sixth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.