# STATE OF FLORIDA v. BARNETTE

## Case Nos. 84-90055 TT A02 and 84-90060 TT A02

County Court, Palm Beach County

February 15, 1985

### APPEARANCES OF COUNSEL

State Attorney's Office for plaintiff.

**Marc R. Goldstein** for defendant.

### OPINION OF THE COURT

KATHLEEN J. KROLL, County Judge

This cause came to be heard upon Defendant's Motion to Dismiss pursuant to Rule 3.190(c)(4) and Rule 3.190(b), Florida Rules of Criminal Procedure. The State did not traverse and agreed the crucial issue was whether the Defendant was driving or in actual physical control of the automobile pursuant to Florida Statute 316.193(1) and Florida Statute 316.192(3).

## FACTS

On July 1, 1984 the Defendant had been at the Arc Restaurant on Lantana Road. At approximately 11:30 p.m. the Defendant left the establishment. A patron in the bar whom the Defendant had met agreed to drive the Defendant home in the Defendant's vehicle, while being followed by the patron's girlfriend in their vehicle. While in route home, the vehicle being driven by the patron, and in which the Defendant was a passenger, ran out of gas. The patron and the Defendant attempted to push the vehicle off the road; however, due to the incline this was very difficult.

The patron/driver then indicated that he and his girlfriend would go and try to get gas and return to the Defendant's vehicle. The Defendant sat in his vehicle and waited for the return of the patron/driver. At this point in time, the Defendant was approached by Officer Squires of the Lantana Police Department, who subsequently arrested him and charged him with driving under the influence of alcoholic beverages to the extent his normal facilities were impaired. The Defendant was transported by Officer Lilly to the Lantana Police Department where he was given a breathalyzer examination and processed. He subsequent received citations for unlawful blood alcohol and parking his vehicle in a lane of traffic.

The Defendant's vehicle was towed by Steve's Towing after attempts to start it failed. When Defendant purchased gas and placed it in the automobile's fuel tank, the car started right up.

## CONCLUSIONS OF LAW

Florida Statute 316.193(1) and Florida Statutes 316.192(3) do not specifically define "actual physical control of a vehicle". The Florida Standard Jury Instruction for this crime defines "actual physical control of a vehicle" as "the Defendant must be physically in the vehicle. The Defendant must have had the capability and power to dominate, direct or regulate the vehicle, regardless of whether or not he was exercising that capability or power at the time of the alleged offense". This definition implies a standard relating to the abilities of the driver and *not* the automobile itself. this Court could find no case in Florida on point.

The defense offered the case of *Key v. Town of Kinsey*, 424 So.2d 701(Ala. Cr. App. 1982) which held a necessary element to establish that a person is in "actual physical control" of an automobile within the Alabama statutory prescription against driving while under the influence was that there be active or constructive possession of the vehicle's ignition key by the person charged, or, in the alternative,

**65**

proof that such a key is not required for the vehicle's operation, that the person charged be positioned in the driver's seat, behind the steering wheel, and be in such condition that, except for the intoxication, he or she is physically capable of starting the engine and causing the vehicle to move, and that the vehicle be operable to some extent.

The State countered with the case of *City of Toledo v. Voyles*, 471 N.E.2d 823 (Ohio App. 1984) which held operability of the vehicle is not an element of the offense of being in actual physical control of a vehicle while under the influence of alcohol. This case involved an Ohio municipal code violation about which the Ohio Supreme Court had already found required a person being in the driver's seat of the vehicle, behind the steering wheel, in possession of the ignition key, and be in such condition that he or she was physically capable of starting the engine and causing the vehicle to move. *City of Toledo, supra,* citing *Cincinnati v. Kelley,* 351 N.E.2d 85 (1976). The Ohio Supreme Court did not indicate whether the operability of the vehicle was ever an issue or considered by the Court.

Section 316.003(21), Florida Statutes, defines motor vehicle as "any vehicle which is self-propelled". Operability is not an explicit consideration but this Court finds it is implicit that the vehicle referred to in Section 316.193(1) and Section 316.192(3) of the Florida Statutes must be capable of being self-propelled at the time of arrest. A drunk individual sitting in an operable automobile in a junkyard would thus not be subject to the charge of driving while under the influence of alcoholic beverages to the extent normal facilities are impaired. This does not mean the vehicle needs to be moving nor running nor necessarily an ignition key be present. Evidence that the car could be self-propelled at that moment is all that should be needed. Although a car can be operated under certain circumstances without a key, this Court knows of no means for an automobile to be self-propelled without some type of fuel, whether it be gas, alcohol, electric energy or solar power. Human pushing of a vehicle in this Court's opinion would not meet the standard of a self-propelled vehicle nor would a vehicle being "driven" without gas down a steep incline as but for the incline the vehicle would stop. The facts in this case reveal the vehicle required gas. Since the undisputed facts are that there was no gas present, the vehicle at that moment could not be self-propelled and therefore this Court holds the Defendant could not be found to be in actual physical control of a vehicle in Florida.

WHEREFORE, Defendant's Motion to Dismiss as to the charges with an unlawful blood alcohol level and driving while under the influence of alcoholic beverages to the extent normal facilties are

impaired are dismissed. However, Defendant's infraction of parking his vehicle in a lane of traffic remains outstanding and should be reset for hearing.