510 So.2d 1147 (1987)
Jackie E. JONES, Appellant,
v.
STATE of Florida, Appellee.
No. BO-133.
District Court of Appeal of Florida, First District.
August 7, 1987.
Ann Cocheu, Asst. Public Defender, Tallahassee, for appellant.
Kenneth Muszynski, Asst. Atty. Gen., Tallahassee, for appellee.
TILLMAN PEARSON, Associate Judge (Retired).
Florida Highway Patrol officers found Jackie E. Jones slumped over the wheel of her car which was stopped on the shoulder of a public road. The officers then determined that she was under the influence of alcohol. Subsequently she was found guilty in the County Court for Taylor County, Judge Stephen Murphy presiding, of the offense of being in actual physical control of a motor vehicle while under the influence of alcoholic beverages.[1]
The trial judge certified the following question to the District Court of Appeal, First District, as one of great public importance:
Must the State prove as an element of the offense of being in actual physical control of a motor vehicle while under the influence of alcoholic beverages when affected to the extent that the normal faculties are impaired, that the motor vehicle be capable of immediate self powered mobility.
Ms. Jones filed her appeal to this court. We have discretionary jurisdiction to consider the appeal by virtue of Fla.R.App.P. 9.030(b)(4)(A). We accept jurisdiction and will (1) answer the certified question and (2) decide the merit of the appeal.
Counsel for the parties have stipulated to the following statement of facts:
On the morning in question, two troopers discovered appellant slumped over the wheel of a Toyota. Appellant told the troopers she needed a jump for her car. Early in the morning the car which her sister-in-law had been driving ceased to function. Appellant's relative walked home while she slept in the car. She unsuccessfully tried to start the car while the troopers were present. In the trooper's opinion appellant was under the *1148 influence of alcoholic beverages. Although no breath tests were administered, appellant's intoxication was not an issue. Apparently the vehicle had to be pushed to an automobile repair place. Electrical problems had prevented the car from running.
Judge Murphy concluded as a matter of law that the state did not need to prove that a vehicle be immediately mobile or that a person had the ability to start the engine and immediately drive away under the vehicle's own power. He made no specific finding that appellant had driven the car prior to it stalling, only that she was in sole control after her sister-in-law departed.
We are cognizant of the enormous and terrible injuries inflicted by drunken drivers; however, § 316.193 is a penal statute and as such must be strictly construed. We have not been directed to any case in which the court answered any question substantially the same as the question certified herein, and our research has not revealed one. However, the issue of actual physical control of a vehicle as it pertains to the drunk driving statute was addressed by the court in Griffin v. State, 457 So.2d 1070 (Fla. 2d DCA 1984). In that case the defendant was drunk and in the driver's seat of an automobile stopped in the actual roadway so that it obstructed traffic. Apparently, the automobile was fully operational. The court held that the evidence, though circumstantial, was sufficient to show actual physical control. Thus it is clear that the vehicle does not have to be in motion and that such a holding is in accordance with the purpose of the statute.
In Key v. Town of Kinsey, 424 So.2d 701 (Ala. Crim. App. 1982) the defendant was found sitting in the driver's seat of a car parked in the median strip of a four-lane highway. Like the appellant here, he testified that someone else had driven the car to the point where it was found by police. Mr. Key asserted that the car was out of gas and that his son, who had been driving it, had walked away to obtain some gasoline and had taken the car keys with him. The arresting officer confirmed that the defendant did not have a key to the car, although he speculated that it might have been possible to start the car without a key. The court found that there were three elements necessary for proof of actual control:
1. Active or constructive possession of the vehicle's ignition key by the person charged or, in the alternative, proof that such key is not required for the vehicle's operation.
2. Position of the person charged in the driver's seat.
3. A vehicle that is operable to some extent.
Although this three-pronged test enunciated by the Alabama Court of Criminal Appeals in Key has been abandoned by the Supreme Court of Alabama in favor of a totality-of-the-circumstances test, Cagle v. City of Gadsden, 495 So.2d 1144 (Ala. 1986), the court, in rejecting the stringent three point test, expressly held that the factors comprising the test were relevant in determining whether an accused was "in actual physical control" of a vehicle. 495 So.2d at 1147.
In State v. Smelter, 36 Wash. App. 439, 674 P.2d 690 (1984) it was held that a vehicle out of gas but stopped near a throughway exit where gasoline was readily obtainable was "reasonably capable of operation." The court in City of Toledo v. Voyles, 14 Ohio App.3d 419, 471 N.E.2d 823 (1984) held that as a matter of law proof that the vehicle was absolutely operable was not necessary to sustain a conviction for a violation of the physical control ordinance.
The question certified here confines itself to what the state must prove. The Florida statute by its terms places no burden on the state to prove that the vehicle is capable of operation. It would be inappropriate for the court to add that requirement to the establishment of every prima facie case of a violation of the statute. We therefore answer the certified question in the negative.
The decision that the state is not required to prove in order to establish a case that the vehicle involved is "capable of *1149 immediate self powered mobility" is not determinative of the appeal by Ms. Jones. It readily appears that a person ought not be convicted of having a vehicle under his or her control while intoxicated when in fact the vehicle was inoperable, the intoxicated person did not operate the vehicle prior to its becoming disabled, and the vehicle's mechanical problems were such that it could not under any reasonable circumstances have been operated by the person accused. The fact of inoperability may be a defense and as such may be raised by the defendant. We agree with the Alabama Supreme Court that operability is a factor to be considered when deciding whether a person was in actual physical control of a vehicle.
In this connection we note that an automobile which is not being used and is not being "maintained" has been held not to be an automobile for insurance purposes. See, e.g., Malen v. American States Ins. Co., 376 So.2d 473 (Fla. 1st DCA 1979). The purpose of the "control" provision in the statute is to deter persons under the influence of alcohol from placing themselves under circumstances where they might become a menace to life and limb. See Cincinnati v. Kelley, 47 Ohio St.2d 94, 351 N.E.2d 85 (1976).
The facts applicable to this appeal have been made the subject of a stipulation by the parties in their briefs. It must be noted that appellant was not found by the trial judge to have driven the car to the position where it was parked at the time of her arrest, and that for purposes of this appeal it is unrefuted that appellant's sister-in-law drove the car until it became disabled. We conclude that the question of whether the appellant was sitting in a reasonably operable vehicle was a question of fact which was determined by the trier of fact in the appellant's favor.
Because the vehicle in which Ms. Jones was sitting was found to be inoperable so that it could not be moved except by an outside agency, we cannot say that she had actual physical control of a vehicle as defined by § 316.003, Fla. Stat. (1985). We therefore reverse appellant's conviction and direct her discharge.
REVERSED.
ZEHMER and BARFIELD, JJ., concur.
NOTES
[1] Section 316.193, Fla. Stat. provides, in pertinent part: A person is guilty of the offense of driving under the influence ... if such person is driving or in actual physical control of a vehicle within this state and ... is under the influence of alcoholic beverages... .