# STATE OF FLORIDA v BOYNTON
## Case No. 87-161264 TTA02
County Court, Palm Beach County

November 24, 1987

### APPEARANCES OF COUNSEL

**Fannie Sheiman,** Certified Legal Intern, for plaintiff.
**Peter D. Blanc** for defendant.

### OPINION OF THE COURT

HOWARD C. BERMAN, County Judge.

*ORDER DENYING DEFENDANT'S SWORN MOTION TO DISMISS*

THIS CAUSE came before the Court upon defendant's sworn Motion to Dismiss pursuant to 3.190(c)(4) Florida Rules of Criminal Procedure. The State of Florida was represented by Certified Legal Intern Fannie Sheiman and the Defendant was represented by Peter D. Blanc, Esquire. The Court having heard argument of counsel and being otherwise fully advised in the presmies finds as follows:

## FACTS

On August 14, 1987, at approximately 2:45 a.m., Florida Highway Patrol Trooper Kozma responded to a report of an accident in the area of Okeechobee Boulevard, west of the turnpike. Upon arriving at the scene, Trooper Kozma observed an automobile off the side of a road in a ditch with the engine turned off. Upon further investigation, Trooper Kozma found the defendant behind the wheel of the automobile. The defendant appeared to be somewhat unconscious or incoherent. Trooper Kozma also observed that the keys were in the ignition. It appeared to Trooper Kozma that the defendant had been drinking. The car was "bottomed out" or stuck in a ditch and was unable to move. It appeared to Trooper Kozma that the vehicle was probably at a 45 degree angle or better and the vehicle bottomed out on the embankment. It also appeared to the trooper that the driver or someone had spun the tires and attempted to get out of the embankment as there was dirt scattered which resulted from the spinning of the tires. After further investigation, the defendant was arrested for driving under the influence of alcohol.

## FINDINGS

The defendant filed a sworn Motion to Dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). The State filed a traverse and the defendant then filed a Motion to Strike State's Traverse as the traverse was not made with specificity and was therefore insufficient as a matter of law. The Court granted defendant's Motion to Strike based on the lack of the specificity and this enabled the defendant to hear his motion on the merits. *Ellis v. State,* 346 So.2d 1044 (Fla. 1st DCA 1977); *Fox v. State* 384 So.2d 226 (Fla. 3d DCA 1980).

The defendant argues that based on the facts, he was not in actual physical control of a motor vehicle because the vehicle he was in was incapable of immediate mobility and was in fact inoperable. One of the elements under the DUI statute is that a person must be in actual physical control of a vehicle. *Florida Statute* 316.193 (1985). In order for a defendant to be in actual physical control, he must have the capability and power to dominate, direct or regulate the vehicle regardless of whether or not he is exercising that capability or power at the time of the alleged offense. This usually means that the keys were in the ignition and the car was capable of being operated. In *Griffin v. State,* 457 So.2d 1070 (Fla. 2d DCA 1984), the defendant was found to be in actual physical control of a motor vehicle which was sitting in a traffic lane facing in the wrong direction. The engine was stopped, the key was in the ignition, the lights were on and the foot brake was

depressed by the driver's foot. The Court in *Griffin* said that there was sufficient circumstantial evidence to show that he had operated the vehicle on a public street. One of the best explanations for actual physical control is expressed in *State v. Webb,* 274 P.2d 338 (Arizona 1954). The Court stated:

> An intoxicated person seated behind the steering wheel of a motor vehicle is a threat to the safety and welfare of the public. The danger is less than that involved when the vehicle is actually moving, but it does exist. While at the precise moment the defendant was apprehended he may have been exercising no conscious violation with regard to the vehicle, still there is a legitimate inference to be drawn that the defendant had of his own choice placed himself behind the wheel thereof, and had either started the motor or permitted it to run. He, therefore, had the 'actual physical control' of the vehicle, even though the manner in which such control was exercised resulted in the vehicle remaining motionless at the time of his apprehension. *Id* p. 340. See also 1966 Op. Att'y Gen. 066-69 (July 7, 1966)

The defendant relies on *Jones v. State,* 510 So.2d 1147 (Fla. 1st DCA 1987). In *Jones,* the Court held that the defendant could not be convicted of driving under the influence in light of evidence that the vehicle she was found in was inoperable, she did not operate the vehicle prior to its becoming disabled, and the vehicle's mechanical problems were such that it could not, under any reasonable circumstances, have been operated. The trial judge in *Jones,* certified the following questions to the District Court of Appeal, 1st District, as one of great public importance:

> Must the State prove as an element of the offense of being in actual physical control of a motor vehicle while under the influence of alcoholic beverages when affected to the extent that the normal faculties were impaired, that the motor vehicle be capable of immediate self-powered mobility?

In *Jones,* the parties stipulated that two troopers discovered the defendant slumped over the wheel of a Toyota. She told the troopers that she needed a jump for her car. Earlier in the morning, the defendant's sister-in-law had been driving this particular car when it ceased to function and she walked home while the defendant slept in the car. The defendant unsuccessfully tried to start the car while the troopers were present. The vehicle had to be pushed to an automobile repair place as electrical problems had prevented the car from running.

The First District Court of Appeal in *Jones* answered the certified

question in the negative. They stated that the Florida Statute by its terms places no burden on the State to prove that the vehicle is capable of operation. It would be inappropriate for the Court to add that requirement to the establishment of every prima facie case of violation of the statute. *Jones,* p. 1148. The Court also noted that the defendant was not found by the trial judge to have driven the car to the position where it was parked at the time of her arrest, and that for the purposes of the appeal, it is unrefuted that the appellant's sister-in-law drove the car until it became disabled.

In the case *subjudice,* unlike *Jones,* the defendant's car was not incapable of being operated. Despite the fact that the defendant's car was temporarily stuck, the defendant's car could have been pushed or moved and the car would have been operable. The defendant's car was subsequently towed by Dodson's Towing Service. Everything appeared to be in working order in the defendant's car even though it was immovable at that particular time. This Court finds that the defendant's car was not inoperable and therefore, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss is denied.

DONE AND ORDERED in chambers in West Palm Beach, Palm Beach County, Florida this 24th day of November, 1987.