## MACK v STATE OF FLORIDA

### Case No. 87-76AC10 (County Court Case No. 87-435MM10)

Seventeenth Judicial Circuit, Broward County

March 20, 1989

#### APPEARANCES OF COUNSEL

**Craig K. Satchell,** for appellant.

Office of the State Attorney, for appellee.

#### OPINION OF THE COURT

MEL GROSSMAN, Circuit Judge.

Appellant was convicted of Driving Under the Influence after a Non-Jury Trial. He brings this appeal asserting as error that the state did not prove that the Defendant committed the offense on the date charged in the Information, the evidence adduced at trial was legally

insufficient and that he was not in "actual physical control" of his vehicle as required by *Florida Statutes* § 316.193.

The pertinent facts are as follows: The Appellant was found in his vehicle at 7:00 a.m., January 3, 1987, in the middle of the exit ramp of Pembroke Road and I-95. When the Trooper approached the vehicle, the engine and lights were off and the keys were not in the ignition (but were later found by the paramedics somewhere in the passenger compartment.) The Appellant was behind the wheel and appeared to be sleepy. The Appellant's speech was not slurred, he swayed slightly and had a slight odor of alcohol. The Trooper testified that the Appellant was a "borderline" case, but in his judgment the Appellant's faculties were impaired.

While it is true that the state did not prove that the crime of DUI was committed January 3, 1987, in its case, the Appellant in his case did testify to that date, thus connecting up the state's case. Since the Appellant did not move for a judgment of acquittal on this point, he did not properly preserve the alleged error for appellate review. *See, e.g., Johnson v State,* 478 So.2d 885 (3d DCA 1985).

The Appellant's next asserted error is without merit as there was ample evidence to support the verdict. *City of Orlando v Newell,* 232 So.2d 413 (4th DCA 1970). This is especially true due to the fact of where the vehicle was found. At a minimum, a reasonable person whose faculties were unimpaired would have tried to coast to the shoulder or attempt to push the vehicle to the shoulder. Instead, the Appellant's vehicle was positioned in the middle of the exit ramp.

As for the last alleged error, there is scant case law in Florida on the issue of what is "actual physical control" of a vehicle. However, in *Jones v State,* 510 So.2d 1147 (1st DCA 1987), the court adopted the totality-of-the-circumstances test enunciated by the Supreme Court of Alabama in *Cagle v City of Gadsden,* 495 So.2d 1144 (Ala. 1986). Relevant factors include active or constructive possession of the ignition key, position of the person charged in the driver's seat and a vehicle that is operable to some extent. *Jones* at 1148.

In the case at bar, although the keys were not found either in the Appellant's manual possession or ignition, they were found in the vehicle. As such, they were in the Appellant's constructive possession and "a legitimate inference [can] be drawn that . . . [the Appellant] could have at any time started the automobile and driven away." *Hughes v State,* 535 P.2d 1023 (Okla. Crim. App. 1975) (cited in *Griffin v State,* 457 So.2d 1070 at 1072 (2d DCA 1984)). Further, the Appellant was found behind the steering wheel and although the

154

Appellant testified that his car overheated, the paramedics were able to move the vehicle without any problem. Consequently, under the totality-of-the-circumstances test, the Trial Court was correct in holding that the Appellant was in actual physical control of his vehicle and the conviction is affirmed.

AFFIRMED.