## STATE OF FLORIDA v CONLEY
Case No. 88-789CF (88-1030MT)

Nineteenth Judicial Circuit, Martin County

April 10, 1989

### APPEARANCES OF COUNSEL

**Nita G. Denton,** for appellant.

**Richard D. Kibbey,** for appellee.

### OPINION OF THE COURT

DWIGHT L. GEIGER, Chief Judge.

This is an appeal from the County Court of Martin County, Florida wherein the State appeals an order granting appellee's sworn motion to dismiss under provisions of Rule 3.190(c)(4), Florida Rules of Criminal Procedure.

The State contends that the trial court erred in deciding there was insufficient available evidence that appellee was in actual physical control of a vehicle while impaired.

The facts of this case are that on March 12, 1988 appellee was arrested for the charge of Driving Under the Influence of Alcoholic

Beverage. He had been found in the driver's seat and behind the steering wheel of his stationary truck. The arresting officer noted that appellee was asleep when the officer approached. A witness observed that the arresting officer was required to rouse or wake him. The arresting officer stated that the truck was totally inoperable when he found it and that the truck was not in a position to be moved without the aid of an outside agency. He testified that the vehicle had to be towed from its position before it was operable in any sense. (The truck was stuck in a roadside ditch when discovered by the officer.)

In appellee's sworn motion to dismiss, the facts as outlined here were accepted by both the appellee and the State as the material facts of the case.

The narrow issue in this appeal is whether there is available evidence that appellee was in actual physical control of a vehicle within the meaning of that phrase as stated in Section 316.193, Florida Statutes. Section 316.193 provides in pertinent part:

A person is guilty of driving under the influence . . . if such person is driving or in actual physical control of a vehicle within this state and . . . is under the influence of alcoholic beverages. . . .

In *Jones v State,* 510 So.2d 1147 (Fla. 1st DCA 1987), the court held that the defendant could not be convicted of driving under the influence because of evidence that the vehicle in which she was found was inoperable and had, in fact, to be towed from its position. The court concluded as a matter of law that the defendant did not have actual physical control of a vehicle, as the term "vehicle" is defined by Section 316.003 Florida Statutes. In *Jones,* as in the instant case, there was no question of the vehicle's inability to operate.

*Jones* contrasts with *Griffin v State,* 457 So.2d 1070 (Fla. 2d DCA 1984), wherein the defendant was found in the driver's seat of an automobile with the key in the ignition, with the lights on, and with the defendant's foot on the brake pedal causing illumination of the rear brake lights. When the defendant got out of the car, the back lights went off, evidencing that the defendant was exercising control of the automobile. The automobile apparently was fully operable. The court there determined that under those facts Griffin was properly convicted of being in the actual physical control of a motor vehicle while under the influence of alcohol.

Based on a careful analysis of the *Jones* and *Griffin* cases we conclude that as a matter of law that there is insufficient evidence that appellee was driving or in actual physical control of a vehicle and, thus, appellee cannot be convicted of a Section 316.193 offense.

27

The trial court did not err in granting the motion to dismiss.

For the above reasons, the order appealed is **AFFIRMED**.

**DONE AND ORDERED** this 10th day of April, 1989 in chambers.