## DITCH v STATE OF FLORIDA
### Case No. 88-2968 MT (88-383 CF)
Nineteenth Judicial Circuit, Martin County

August 9, 1990

## OPINION OF THE COURT

DWIGHT L. GEIGER, Chief Judge.

This is an appeal from the County Court of Martin County, wherein appellant appeals an order denying his motion for a judgment of acquittal and subsequent conviction.

The appellant contends that the trial court erred in deciding that the State had presented sufficient evidence that appellant was in actual physical control of a vehicle.

On August 7, 1988, appellant, was arrested and charged with driving under the influence of alcohol, driving while license suspended, and resisting arrest without violence. On that evening four witnesses, while inside of a house watching television, heard a loud noise. They saw a van in front of the house straddled sideways against a railroad tie wall, with the front end of the van upon on the wall. Two of the witnesses went outside where they observed the van's engine running, its lights

on, and appellant behind the wheel attempting to move the van off of the railroad tie wall. After several unsuccessful attempts to unwedge the van from the wall, appellant got out of the van and left the scene. During apellant's absence a police officer appeared at the scene and had the van towed. When appellant returned to the scene, he was arrested. Appellant denied being the driver of the van and refused to take a field sobriety test, breath best, or any physical performance test. Appellant had a strong odor of alcoholic beverage on his breath and was staggering; his speech was slurred, and his eyes were bloodshot.

The issue pending on appeal is whether appellee established a prima facie case that appellant was in the actual physical control of a vehicle within the meaning of that phrase as stated in § 316.193, Florida Statutes, which provides in pertinent part:

A person is guilty of driving under the influence . . . if such person is driving or in actual physical control of a vehicle within this state and . . . is under the influence of alcoholic beverages. . .

Appellant relies on *Jones v State,* 510 So.2d 1147 (Fla. 1st DCA 1987) which held that defendant could not be convicted of driving under the influence because of evidence that the vehicle in which defendant was found was inoperable and had to be towed from its position. In *Jones* the court concluded that defendant had not driven the car to the position where it was parked at the time of her arrest. *Jones* is distinguished from the present case in that the direct evidence showed that someone else drove the vehicle to the position where it was found by police officers, as compared to the instant case where appellee presented circumstantial evidence that appellant was driving the vehicle prior to becoming disabled. In addition, the vehicle in *Jones* was found inoperable due to electrical problems which required the vehicle to be pushed to an automobile repair replace, unlike here where, although the vehicle was described as "inoperable", further testimony showed that appellant turned the ignition on, put the van in gear, and tried to "move it back and forth to get it out of the ditch." (R.49).

In *Griffin v State,* 457 So.2d 1070 (Fla. 2d DCA 1984) the court held that that defendant was in actual physical control of the vehicle based on the fact that the brake light went off when defendant took his foot off the pedal when he got out of the car. Turning to the facts of this case, this court cannot say that based on *Griffin,* turning the engine on and putting it in reverse is not exercising physical control of the car, regardless of appellant's argument that the van could not be driven away or moved. In fact the *Jones* opinion, based on *Griffin,*

states that "it is clear that the vehicle does not have to be in motion and that such a holding is in accordance with the purpose of the statute." *Jones v State,* 510 So.2d at 1148 (Fla. 1st DCA 1987). The *Jones* court specifically held that to establish a case, the State does not have to prove that the motor vehicle be capable of immediate self-powered mobility.

Appellant also relies on *State v Conley,* 35 Fla. Supp.2d 26 (19th Cir. Ct. 1989) wherein this court affirmed the trial court's decision to grant defendant's motion to dismiss based on insufficient evidence that defendant was in actual physical control of the vehicle. In *Conley* the arresting officer found Conley asleep in the driver's seat of his stationary truck which was stuck in a roadside ditch. There, the arresting officer stated that the truck was totally inoperable and that the vehicle had to be towed from its position before it was operable in any sense. In *Conley,* like in *Jones,* there was no question that the vehicle was unable to operate, unlike the case at hand where there is direct evidence that the engine was running, the lights were turned on, and appellant put the van in reverse and tried to back the van off the wall.

Appellee cites *State v Boynton,* 15 F.L.W. 19D (Fla. 4th DCA, January 1, 1990) where the court affirmed Boynton's conviction for DUI wherein defendant's automobile was driven into a ditch where the police officers found the keys in the ignition with the engine off and the defendant sitting in the driver's seat. The *Boynton* court rejected defendant's argument that because the vehicle was "incapable of immediate mobility and was in fact inoperable" defendant did not have actual physical control of a vehicle. Like in the case at hand, appellant's vehicle was incapable of immediate mobility, although it was factually operable.

In light of *Jones, Conley,* and *Boynton,* this court finds that appellant's vehicle was operable, and appellant had actual physical control of the vehicle. A prima facie case of driving under the influence was established. The trial court did not err in denying appellant's motion for judgment of acquittal, and his conviction was proper.

For the above reasons, the order appealed is AFFIRMED.

DONE AND ORDERED this 9th day of August 1990 in chambers.