JOURNAL ENTRY AND OPINION
Appellant, Matthew Schultz, appeals from his conviction of physical control of a vehicle while under the influence of alcohol, in violation of Cleveland Codified Ordinance 433.01(b), to which he pled no contest pursuant to a plea agreement. Appellant contends that his plea was not knowingly and voluntarily made because the trial judge accepted his no contest plea without advising him that his driver's license could be suspended. Appellant also contends that the suspension of his driver's license for three years by the trial court was unconstitutional. We disagree and affirm.
On May 13, 1997, appellant was charged in the Cleveland Municipal Court with driving under the influence of alcohol, driving with a concentration of ten-hundredths grams or more by weight of alcohol per two hundred and ten liters of his breath and failure to control his vehicle, in violation, respectively, of Cleveland Codified Ordinances 433.01(a)(1), 433.01(a)(3) and 431.34(a). Appellant entered a plea of not guilty at his arraignment on May 19, 1997.
On May 22, 1998, as part of a plea agreement, the state amended the first count to a charge of physical control of a vehicle while under the influence of alcohol, in violation of Cleveland Codified Ordinance 433.01(b). Pursuant to the plea agreement, appellant pled no contest to the amended charge, with consent to a finding of guilt, and the remaining two charges were nolled.
On May 27, 1998, the trial court sentenced appellant to one hundred and eighty days in jail, with one hundred and ten days suspended on the condition that appellant serve two years of active probation, during which time he was ordered to attend the Mothers Against Drunk Driving program and undergo substance abuse assessment and treatment. The trial court ordered appellant to serve fifteen days at the Cleveland House of Corrections, with no work release privileges, and the remaining fifty-five days under electronic monitoring house arrest with work release privileges. In addition, appellant was ordered to pay a $500 fine plus court costs. Finally, noting that this was appellant's third arrest in five years for driving under the influence of alcohol, the trial court suspended appellant's driver's license for three years.
Appellant timely appealed, presenting two assignments of error for our review:
 I. DEFENDANT'S DRIVER'S LICENSE WAS UNCONSTITUTIONALLY SUSPENDED UNDER THE CLEVELAND CODIFIED ORDINANCE WHICH CONFLICTS WITH THE OHIO REVISED CODE.
 II. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HIS PLEA OF NO-CONTEST WAS ACCEPTED WITHOUT ANY ADVISE (SIC) AS TO THE EFFECT OF SUCH A PLEA.
Initially, we note that appellant makes both arguments for the first time on appeal. The record and transcript of the proceedings below indicate that appellant never made any request in the trial court to withdraw his no contest plea in compliance with Crim.R. 32.1 nor did he ever assert that it was unconstitutional for the trial court to suspend his driver's license. A failure to assert an alleged error in the trial court ordinarily waives that error on appeal. State v. Awan (1986),22 Ohio St.3d 120, 122; State v. Stokes (Mar. 7, 1996), Cuyahoga App. No. 69032, unreported. Even though not brought to the attention of the trial court, however, appellate courts will notice and rectify plain errors affecting substantial rights, particularly claimed denials of constitutional rights. State v.Johnson (1988), 40 Ohio St.3d 130, 132, cert. denied (1989),489 U.S. 1098. Accordingly, we review appellant's arguments under the plain error standard.
Appellant was initially charged with violating Cleveland Codified Ordinance 433.01(a)(1), which provides that "No person shall operate any vehicle within the City, if * * * the person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse." As part of the plea agreement, this charge was amended, and appellant was subsequently convicted of violating Cleveland Codified Ordinance 433.01(b), which provides:
 (b) Physical Control. No person shall be in actual physical control of any vehicle within the City, if any of the following apply:
 (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;
 (2) The person has a concentration of ten-hundredths of one percent (0.10%) or more by weight or alcohol in his blood;
 (3) The person has a concentration of ten-hundredths (0.10%) of gram or more by weight of alcohol per 210 liters of his breath;
 (4) The person has a concentration of fourteen-hundredths (0.14) of one gram or more by weight of alcohol per 100 milliliters of his urine.
Pursuant to Cleveland Codified Ordinance 403.99(c)(2), which provides that "the trial judge of the Cleveland Municipal Court * * * shall suspend or revoke the driver's * * * license * * * of any person who is convicted of or pleads guilty to a violation of division (b) of Section 433.01," the trial judge suspended appellant's driver's license for three years.
In his first assignment of error, appellant argues that the suspension of his driver's license was unconstitutional. Specifically, appellant contends that because R.C. 4507.16, the state statute regarding suspension or revocation of driver's licenses, does not specifically authorize suspension or revocation for being in actual physical control of a motor vehicle while under the influence of alcohol, Cleveland Codified Ordinance 403.99(c)(2) conflicts with state law on the same subject and, therefore, is unconstitutional.[1] We disagree.
Appellant correctly notes that R.C. 4507.16, the state statute regarding suspension and revocation of driver's licenses, does not specifically authorize suspension or revocation for being in physical control of a motor vehicle while under the influence of alcohol. R.C. 4507.16(B), however, provides that "The trial judge of any court of record * * * shall revoke the driver's * * * license * * * of any person who is convicted of * * * a violation of * * * a municipal ordinance that is substantially equivalent to division (A) of section 4511.19 of the Revised Code * * *."
R.C. 4511.19(A) provides:
 (A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:
 (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;
 (2) The person has a concentration of ten-hundredths of one per cent or more by weight of alcohol in his blood;
 (3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath;
 (4) The person has a concentration of fourteen-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his urine.
We find Cleveland Codified Ordinance 433.01(b) and R.C.4511.19(A) to be substantially equivalent. Indeed, a comparison of the ordinance and the statute indicates that the statutes are nearly identical. The only difference between them is that the Cleveland ordinance prohibits being in "actual physical control" of a vehicle while the state statute prohibits "operat[ing]" a vehicle under specified conditions.
In Cincinnati v. Kelley (1976), 47 Ohio St.2d 94, 97-98, the Ohio Supreme Court defined "actual physical control" of a vehicle:
 [T]he term "actual physical control" * * * requires that a person be in the driver's seat of a vehicle, behind the steering wheel, in possession of the ignition key, and in such condition that he is physically capable of starting the engine and causing the vehicle to move.
Although there is no bright line definition for "operating" a vehicle within the meaning of R.C. 4511.19(A), in State v. Cleary
(1986), 22 Ohio St.3d 198, the Ohio Supreme Court determined that the definition of "operating" within the meaning of R.C. 4511.19
is a broader term than "driving." Therefore, a person under the influence of alcohol who is in the driver's seat of a stationary vehicle with a key in the ignition can be found in violation of the statute. Id., paragraphs one and two of the syllabus.
The distinction, therefore, between being in "actual physical control" of a vehicle while under the influence of alcohol and "operating" that vehicle while under the influence of alcohol, appears to be whether the key is in the ignition or not. For purposes of deciding whether the statute and ordinance are "substantially equivalent," however, we find this to be a distinction without a difference. As this court stated in BedfordHgts. v. Smullen (June 9, 1994) Cuyahoga App. No. 66460, unreported, "[T]he danger to the public is just as great whether a driver under the influence has the key in the ignition, or the keys in his or her possession, or the keys close at hand * * *."
Therefore, finding the ordinance and statute substantially equivalent, we reject appellant's argument that Cleveland Codified Ordinance 403.99(c)(2) is unconstitutional. Because Cleveland Codified Ordinance 433.01(b) is substantially equivalent to R.C. 4511.19(A), pursuant to R.C. 4507.16(B), the municipal court judge presiding over appellant's case was required to revoke appellant's driver's license upon his conviction. Cleveland Codified Ordinance 403.99(c)(2), which authorizes municipal court judges to suspend or revoke the driver's license of any person who violates Cleveland Codified Ordinance 433.01(b), sets forth exactly the same penalty authorized by R.C. 4507.16(B) for violation of Cleveland Codified Ordinance 433.01(b). It is apparent, therefore, that it does not conflict with state law.
Appellant's first assignment of error is, therefore, overruled.
In his second assignment of error, appellant argues that his no contest plea was not knowingly and voluntarily made because the trial court did not inform him that his driver's license could be suspended as a result of his plea.
Crim.R. 11(E) provides:
 In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.
The record reflects the following dialogue between the trial court, appellant and his counsel before appellant accepted the plea agreement and pled no contest to the amended charge:
 COURT: Is that correct then, Mr. Kochis, that Mr. Schultz will plead No Contest then to the amended charge of Physical Control?
 KOCHIS: It is, your Honor. He understands his trial and Constitutional Rights.
 COURT: Okay. You understand then, Mr. Schultz, that by pleading No Contest to this charge of Physical Control, 433.01(b) of the City Code, that your No Contest plea means, number one, that you give up your right to trial and number two, you do face a possible $1,000 fine and six months in jail on the charge, which was the same penalty, basically, as you faced on the DUI charge.
APPELLANT: Yes, your Honor.
COURT: Okay. I'll accept the No Contest plea then.
Cleveland Codified Ordinance 403.99(c)(2) mandates that, in addition to any other penalty imposed, the trial judge suspend or revoke the driver's license of any person who is convicted of a violation of Cleveland Codified Ordinance 433.01(b):
 The trial judge of the Cleveland Municipal Court, in addition to or independent of all other penalties provided by law or ordinance, shall suspend or revoke
the driver's * * * license * * * of any person who is convicted of or pleads guilty to a violation of division (b) of Section 433.01. (Emphasis added)
Therefore, pursuant to Crim.R. 11(E), the trial judge had an obligation to inform appellant that his driver's license would be suspended as a result of his plea. It is apparent from the record, however, that the trial judge did not do so. Accordingly, the trial court did not comply with the requirements of Crim.R. 11(E).
That finding does not end our inquiry, however. A defendant who challenges his plea on the basis that it was not knowingly, intelligently, and voluntarily made must demonstrate a prejudicial effect. Johnson, 40 Ohio St.3d at 143; State v.Stewart (1977), 51 Ohio St.2d 86, 93. The test is whether the plea would have otherwise been made. Id.; State v. Nero (1990),56 Ohio St.3d 106, 108.
Here, appellant has failed to demonstrate that he was specifically prejudiced by the failure of the trial court to advise him that his license would be suspended. Indeed, nowhere in his brief does appellant allege that he would not have pled no contest to the amended charge if he had known that his driver's license would be suspended for three years. Rather, appellant's argument is that the court did not comply with Crim.R. 11(E) and, therefore, his plea was ipso facto involuntary. Without a showing of prejudice, however, appellant's claim fails.
In addition to appellant's failure to demonstrate prejudice, the record suggests that he was not at all prejudiced by his plea. As part of the plea agreement, the state nolled two of the charges against appellant. This arrangement was advantageous to appellant because it removed from sentencing consideration of two additional misdemeanor charges which, upon conviction, could have resulted in additional jail time and fines. See Cleveland Codified Ordinance 403.99.
Appellant's second assignment of error is overruled.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________ TIMOTHY E. McMONAGLE JUDGE
PORTER, A.J. and SPELLACY, J., CONCUR.
[1] Municipalities have the authority to adopt and enforce police regulations which are not in conflict with the general laws. Section 3, Article XVIII, Constitution of Ohio.