THE STATE OF OHIO, APPELLEE, *v.* LEPARD, APPELLANT.

(No. OT-89-7—Decided December 8, 1989.)

*Lowell Peterson,* prosecuting attorney, and *Bruce Winters,* for appellee.

*Michael Sandwisch,* for appellant.

GLASSER, J. This matter is before the court on appeal from a judgment of the Port Clinton Municipal Court.

Defendant-appellant, Daniel D. Le-Pard, was arrested at 11:45 p.m. on July 2, 1988. At the time of his arrest, appellant was aboard his boat, a twenty-three-foot Imperial, on Lake Erie in Ottawa County, Ohio. Appellant was charged with a violation of R.C. 1547.11, operating a watercraft while under the influence of alcohol or drugs of abuse.

Appellant entered a plea of not guilty and the matter proceeded to trial. In a jury verdict rendered February 21, 1989, appellant was found guilty. By judgment entry dated February 22, 1989, appellant was sentenced according to law. It is from this judgment that appellant has appealed setting forth two assignments of error:

"1. The Trial Court erred to the prejudice of the Defendant-Appellant in charging the jury regarding 'physical control' and 'operation.'

"2. The jury's verdict was against the manifest weight of the evidence and the laws of Ohio."

In his first assignment of error, appellant asserts that the trial court's jury instructions regarding the elements of "operation" and "physical control" were incorrect and, therefore, prejudicial.

In its instructions to the jury, the trial court stated, in relevant part:

"Now the term operate, as we use it in our definition, is broader than the

mere act of driving. Operating includes not only a person being in control of a watercraft while the watercraft is in motion, but also a person, whether conscious or unconscious, in the driver's location, in the front seat of the stationary watercraft, so as to be able or capable of doing any act or succession of acts which could cause or contribute to the watercraft being put in motion.

"It is not necessary to prove the person in the driver's location of a stationary watercraft intended to set the watercraft in motion. When there is no evidence of direct observation of driving, you may consider any evidence offered of an admission by the Defendant that he was driving the watercraft or evidence of a circumstantial nature that the Defendant was driving the watercraft.

"Now this element of the offense is also satisfied if the State proves beyond a reasonable doubt whether or not the person was operating the watercraft. If the State proved beyond a reasonable doubt that the Defendant was in actual physical control of the watercraft, and a person is in actual physical control of a watercraft or a vehicle, for that matter, if the person is in the driver's seat of the watercraft, behind the steering wheel, in possession of the ignition key, and in such condition that he is physically capable of starting the engine and causing the vehicle or watercraft to move.

"Further, you are instructed that if you find beyond a reasonable doubt that the watercraft in question was under way on the open waters, was neither at anchor nor moored or tied to a wharf or dock and was not a derelict or abandoned vessel, a presumption of law arises that some person aboard the watercraft must have been in actual physical control of that watercraft.

"Now this presumption is in the nature of evidence and is such proof of actual physical control of the watercraft by someone unless it is balanced or rebutted by evidence of equal or greater weight. The existence of the presumption does not relieve the State of the duty of establishing that the Defendant, Mr. LePard, was either operating or in actual physical control of the watercraft beyond a reasonable doubt."

Focusing particularly on the issues of "operation" and "physical control," we find that the aforementioned intructions were appropriate for the following reasons.

First, R.C. 4511.19, the prohibition against driving under the influence of alcohol, mirrors R.C. 1547.11, the prohibition against operating a watercraft under the influence of alcohol, and to that extent those two statutes should be construed in a consistent and harmonious fashion.

Appellant was found guilty of violating R.C. 1547.11, which provides, in relevant part:

"(A) No person shall operate, be in physical control of any watercraft underway, or manipulate any water skis, aquaplane, or similar device upon the waters in this state if any of the following apply:

"(1) The person is under the influence of alcohol or a drug of abuse, or the combined influence of alcohol and a drug of abuse[.]"

Set forth in strikingly similar language, R.C. 4511.19 states:

"(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:

"(1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse[.]"

In affirming a conviction under R.C. 4511.19, the Supreme Court of Ohio stated:

"* * * [T]he prohibition contained

in the statute is against 'operating' a vehicle while under the influence, not merely 'driving' it. The term 'operating' encompasses a broader category of activities involving motor vehicles than does 'driving.' * * * Operation of a motor vehicle within contemplation of the statute is a broader term than mere driving and a person in the driver's position in the front seat with the ignition key in his possession indicating either his actual or potential movement of the vehicle while under the influence of alcohol or any drug of abuse can be found in violation of R.C. 4511.19(A)(1)." (Footnote omitted.) *State* v. *Cleary* (1986), 22 Ohio St. 3d 198, 199, 22 OBR 351, 352, 490 N.E. 2d 574, 575.

Applying a similar analysis to R.C. 1547.11, we find that the prohibition contained in the statute is against "operating" a watercraft while under the influence, not merely "navigating" it. In other words, the "operation" of a watercraft within contemplation of the statute is a more comprehensive term than mere navigation; therefore, a person occupying the seat from which the boat is generally navigated with the ignition on or the key in his possession indicating either his actual or potential movement of the watercraft while he is under the influence of alcohol or any drug of abuse can be found in violation of R.C. 1547.11(A)(1).

Second, R.C. 1547.01(G) defines "operator" as "any person who navigates or has under his control a watercraft * * * on the waters of this state."

Our analysis of R.C. 1547.11 indicates that one is prohibited from being an "operator" of a watercraft while under the influence of alcohol or drugs of abuse.

Similarly, R.C. 4511.01(Y) states: " 'Driver or operator' means every person who drives or is in actual physical control of a vehicle * * *."

In *Cincinnati* v. *Kelley* (1976), 47 Ohio St. 2d 94, 1 O.O. 3d 56, 351 N.E. 2d 85, the Supreme Court of Ohio defined the phrase "actual physical control." The *Kelley* court stated in the syllabus:

"To be in actual physical control of an automobile, under the provisions of Section 506-1 of the Cincinnati Municipal Code, a person must be in the driver's seat of the vehicle, behind the steering wheel, in possession of the ignition key, and be in such condition that he is physically capable of starting the engine and causing the vehicle to move."

As applied to R.C. 1547.11, we find that in order to be in "physical control" of a watercraft, a person must be in that seat of the boat from which the ignition, throttle, gears, acceleration, speed and steering are controlled. The person must, at the very least, have possession of the ignition key and be physically capable of causing the boat to move.

In the case *sub judice,* appellant was well beyond the requirements for physical control. Appellant was seated at the helm of the boat with access to the steering wheel, acceleration device and gear shift. Not only was appellant in possession of the ignition key, the key was in the ignition and the motor was running. Further, appellant was in such a position that he could have caused the boat to move merely by placing it in gear. The activities are sufficient to constitute operation of the watercraft and, as a result, justified the court's instructions regarding physical control.

Finally, in the second half of his argument, appellant asserts that the trial court's instructions on physical control were prejudicial because the complaint under which he was charged said "operate" and was never amended to "physical control."

Crim. R. 3 provides, in part:

"The complaint is a written statement of the essential facts constituting the offense charged.* * *"

The citation issued to appellant stated:

"On July 2, 1988 at approximately 11:45 p.m. did operate a watercraft while under the infulence [sic] of alcohol or drugs of abuse."

By definition, being in physical control of a watercraft is enough to constitute operation. Whether appellee proved appellant "navigated" the boat upon the waters of Ohio or whether it proved appellant was in "physical control" of the watercraft, only one statement constituting the charged offense was necessary, i.e., did operate a watercraft while under the influence of alcohol or drugs of abuse.

For the aforestated reasons, we find appellant's first assignment of error not well-taken.

In his second assignment of error, appellant argues that the verdict was against the manifest weight of the evidence. Appellant asserts that it was never proven, beyond a reasonable doubt, that he was the operator of the boat at the time of arrest.

In State v. Eley (1978), 56 Ohio St. 2d 169, 10 O.O. 3d 340, 383 N.E. 2d 132, syllabus, the Supreme Court of Ohio stated:

"A reviewing court will not reverse a jury verdict where there is substantial evidence upon which a jury could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt."

Our analysis of the record indicates that the state produced substantial evidence from which the jury could have concluded, beyond a reasonable doubt, that appellant was "operating" a watercraft under the influence of alcohol at the time of his arrest.

Appellant's boat was stopped by two officers employed by the Ohio Department of Natural Resources, Division of Watercraft. Both officers testified that they observed appellant's boat operating without lights. The officers focused a spotlight on appellant's boat as they approached it in their own craft. In varying forms, both officers stated that when they pulled alongside appellant's boat it was still under way in a forward motion and the engine was running. The officers testified that appellant was seated at the helm of the craft with access to the gear shift and steering wheel.

Appellant and two other witnesses testified that, prior to his arrest, appellant was sleeping in the bow of the boat. Dale McQuiston testified that he was operating the boat at the time he first observed the patrol boat. McQuiston stated that, after seeing the flashing blue light, he called appellant and appellant came up on deck and "jumped in the [driver's] seat." Stating that he put the boat in neutral, McQuiston acknowledged that the boat was still moving forward when appellant assumed the driver's seat.

Despite appellant's interpretation of this testimony, we find that it merely establishes how appellant assumed physical control of the watercraft rather than bearing on the issue of his guilt or innocence. Appellant, by his own admission, was at the helm when the patrol boat illuminated his boat with a spotlight and when the officers pulled alongside. We find that this evidence, combined with the testimony of the arresting officers, provided a basis upon which the jury could have concluded that appellant performed acts constituting operation of the watercraft within the intent of the statute.

For the aforestated reasons, we find appellant's second assignment of error not well-taken.

On consideration whereof, the court finds that appellant was not prej-

udiced or prevented from having a fair trial, and the judgment of the Port Clinton Municipal Court is affirmed. This cause is remanded to said court for execution of sentence.

*Judgment affirmed.*

HANDWORK, P.J., and CONNORS, J., concur.