OPINION
{¶ 1} Donald Ardale appeals from the judgment of the Painesville Municipal Court, finding him guilty of operating a watercraft while under the influence of alcohol, in violation of R.C. 1547.11(A)(1).[1]
We affirm.
 {¶ 2} July 30, 2005, Officers Martin, Stockfer, and O'Brien of the Ohio Department of Natural Resources, Division of Watercraft, were patrolling the Grand River near the Fairport Coast Guard Station, in Painesville Township, Lake County, *Page 2 
Ohio. At approximately 9:30 p.m., they noticed a small jet boat, stopped in the river, without lights. The officers decided to conduct a safety inspection. Officer O'Brien boarded the boat, which had three occupants: Mr. Ardale, his friend Tony Ollervides, and Mr. Ollervides' fiancée (now wife), Victoria. Mr. Ardale was in the engine compartment, trying to fix the boat's lights before passing the coast guard station. Mr. Ollervides was sitting at the boat's controls.
 {¶ 3} According to Officer O'Brien's trial testimony, Mr. Ardale identified himself as the operator of the boat, in response to questioning. Due to a smell of alcohol pervading the boat, Officer O'Brien asked Mr. Ardale whether he had been drinking. Mr. Ardale confirmed consuming several beers earlier that day. Officer O'Brien decided to conduct field sobriety tests on Mr. Ardale. After conducting several on the boat, the watercraft safety officers took the boat and its occupants to the coast guard station, where the tests were completed. Officer O'Brien eventually concluded Mr. Ardale was intoxicated, and placed him under arrest. Mr. Ardale then agreed to a breathalyzer test, which indicated his blood alcohol level was distinctly above the legal limit.
 {¶ 4} Officer O'Brien testified at trial that Mr. Ardale gave him various answers regarding when he had last actually operated the boat: moments, fifteen minutes, and twenty minutes. Officer O'Brien entered the last period in his report. Officer O'Brien admitted that he never saw Mr. Ardale at the boat's controls.
 {¶ 5} Mr. Ollervides testified at trial that he never heard Mr. Ardale say he was the operator of the boat to Officer O'Brien — only that he was the owner. Mr. Ollervides testified he had been operating the boat for forty-five minutes to an hour before Officer O'Brien boarded, and that his fiancée, Victoria, had been operating before him. *Page 3 
 {¶ 6} August 2, 2005, the Department of Natural Resources, Division of Watercraft, filed a complaint against Mr. Ardale, charging him with four violations of R.C. Chapter 1547.01 et seq.: count one, operating a vessel with a prohibited alcohol level, R.C. 1547.11(A)(5); count two, operating a vessel while under the influence of alcohol or drugs, R.C.1547.11(A)(1); count three, operating a vessel without navigation lights, R.C. 1547.52 and/or Ohio Admin. Code 1501:47-2-23; and count four, operating a vessel without a ground light, R.C. 1547.52, and/or Ohio Admin. Code 1501:47-2-23. The matter came on for bench trial November 15, 2005. At its conclusion, the trial court announced from the bench its dismissal of counts one and four, and finding of guilty on counts two and three. Sentencing hearing was held May 1, 2006; and the trial court filed its judgment entry of sentence that same day. Mr. Ardale timely noticed this appeal, assigning three errors:
 {¶ 7} "[1.] The court erred and committed an abuse of discretion when the required element of operation and physical control of a vessel was not substantiated beyond a reasonable doubt.
 {¶ 8} "[2.] The court erred and committed an abuse of discretion when the element of reasonable doubt was not supported by the sufficieny (sic) of the evidence.
 {¶ 9} "[3.] The court erred and committed an abuse of discretion when it found the defendant guilty beyond a reasonable doubt against the manifest weight of the evidence."[2]
 {¶ 10} As resolution of each assignment of error turns on the interpretation of a single legal issue, we deal with them together. *Page 4 
 {¶ 11} Mr. Ardale appeals his conviction under R.C. 1547.11(A)(1), which provides, in pertinent part:
 {¶ 12} "(A) No person shall operate or be in physical control of any vessel * * * on the waters in this state if, at the time of the operation, control, * * * any of the following applies:
 {¶ 13} "(1) The person is under the influence of alcohol * * * [.]"
 {¶ 14} As Mr. Ardale notes, the lead case interpreting this section is unquestionably the Sixth Appellate District's decision in State v.Lepard (1989), 52 Ohio App.3d 83, which states, at the syllabus:
 {¶ 15} "1. R.C. 4511.19, prohibition against driving under the influence of alcohol, mirrors R.C. 1547.11, prohibition against operating a watercraft under the influence of alcohol, and to that extent those two statutes should be construed in a consistent and harmonious fashion.
 {¶ 16} "2. Under R.C. 1547.11, in order to be in physical control of a watercraft, a person must be in a position where he is physically capable of causing the boat to move."
 {¶ 17} Relying on precedent from the Supreme Court of Ohio interpreting R.C. 4511.19, the Lepard court further held:
 {¶ 18} "As applied to R.C. 1547.11, we find that in order to be in `physical control' of a watercraft, a person must be in that seat of the boat from which the ignition, throttle, gears, acceleration, speed and steering are controlled. The person must, at the very least, have possession of the ignition key and be physically capable of causing the boat to move." Id. at 85. *Page 5 
 {¶ 19} Other Ohio courts required to consider the "physical control" necessary to sustain a conviction under R.C. 1547.11(A) have followed the definition set forth in Lepard. See, e.g., State v. Morrissey (Feb. 16, 1994), 1st Dist. Nos. C-930065 and C-930066, 1994 Ohio App. LEXIS 533, at 6-7; see, also, State v. Deters (1998), 128 Ohio App.3d 329,332, fn. 2. As Mr. Ardale points out, there is no evidence in the record that he was spotted by the Division of Watercraft officers behind the wheel of the jet boat, or that he had its key. Mr. Ollervides was at the helm. If the analysis stopped here, we would have to agree with Mr. Ardale that the trial court committed error in not dismissing the operating while under the influence charge.
 {¶ 20} We think the analysis must be carried slightly further. The question is not so much what legal standard should be applied — we agree that Lepard provides our precedent — but, rather, what evidence will support a finding of "physical control" of a vessel, under that precedent.
 {¶ 21} In State v. McKivigan (Jan. 27, 1989), 11th Dist. No. 1905, 1989 Ohio App. LEXIS 263, we had the opportunity to consider a manifest weight challenge to a conviction under R.C. 4511.19(A)(1), in which the appellant was found, possibly intoxicated, behind the wheel of his car, on the roadside. Id. at 1-2, 11. We held that to sustain a conviction under R.C. 4511.19(A)(1), the state was required to produce evidence correlating the intoxication with the time the car was being operated. Id. at 12-13. As there was no evidence showing whether the appellant was intoxicated at the time he ran off the road, we reversed his conviction as being against the manifest weight of the evidence. Id. *Page 6 
 {¶ 22} R.C. 1547.11 must be construed in harmony with R.C. 4511.19.Lepard at paragraph one of the syllabus. Thus, while "physical control" of a vessel equates to having the physical ability to cause it to move, Id. at paragraph two of the syllabus, the evidence necessary to establish "physical control," under R.C. 1547.11 is not spotting the alleged operator at the helm, as Mr. Ardale contends. Rather, it is whether the prosecution presents evidence correlating operation or "physical control" of the vessel with a state of intoxication on the part of the alleged offender sufficient to establish a violation of the statute. Cf. McKivigan at 12-13.
 {¶ 23} In this case, the state presented the testimony of Officer O'Brien that Mr. Ardale admitted to being the operator of the boat, within no more than twenty minutes before the boarding commenced. Mr. Ardale does not seem to challenge the finding that he was intoxicated when the boarding occurred. Consequently, the trial court, sitting both as finder of fact and law, was justified in inferring that Mr. Ardale was intoxicated when, shortly before, he was operating the boat.
 {¶ 24} The assignments of error are without merit, the judgment of the Painesville Municipal Court is affirmed.
CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., concur.
[1] Mr. Ardale was also found guilty of operating a watercraft without navigation lights, in violation of R.C. 1547.52, and/or Ohio Admin. Code1501:47-2-23. He does not dispute this conviction on appeal.
[2] No appellee's brief has been filed in this case. *Page 1