[Cite as *State v. Furguson*, 2013-Ohio-5388.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-130173 |
| | | C-130174 |
| Plaintiff-Appellee, | : | C-130175 |
| | | TRIAL NO. 12CRB-21171 |
| vs. | : | |
| | | |
| DAVID FURGUSON, | : | *O P I N I O N.* |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  December 11, 2013

*John P. Curp*, City Solicitor, *Charles A. Rubenstein,* City Prosecutor, and *Lauren M. Yanovsky,* Assistant City Prosecutor, for Plaintiff-Appellee,

*Fox & Scott, PLLC,* and *Bradley Fox,* for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge.**

{¶1}     Defendant-appellant David Furguson appeals the judgment of the Hamilton County Municipal Court convicting him of operating a watercraft while intoxicated, failure to comply with the order of a police officer, and failure to have an audible warning device on a watercraft.  He was convicted after a bench trial.

### Furguson's Encounter with Sergeant Kruse

{¶2}     Matthew Kruse is a sergeant for the Ohio Department of Natural Resources, Division of Watercraft.  His duties include enforcing the navigation rules on state waterways.

{¶3}     One night, he was patrolling the Ohio River near downtown Cincinnati when he saw a boat being operated without the required white running light.  Kruse approached the boat, which had stopped by the time he had reached it.

{¶4}     Furguson was on the boat with another person.  He stated that he had been operating the boat and that the white running light had just broken as he was going through the river's ice breakers.  Kruse told Furguson that he was going to perform a routine safety inspection on the vessel.

{¶5}     Kruse testified that Furguson had immediately become combative, telling Kruse to get his light out of his "f***ing eyes" and expressing the fear that Kruse was going to shoot him.   As Kruse spoke with Furguson, he detected an odor of alcohol about his person.  Furguson's eyes were glassy and bloodshot, and there was an open container of beer on the boat.

{¶6}     Kruse asked Furguson to produce certain items of safety equipment, and Furguson initially complied.  But when Kruse asked to see the boat's sound-signaling device and registration, Furguson said, "I don't have to show you s**t.  I don't have to show you anything else."

{¶7}     Kruse then boarded Furguson's boat, and he described the odor of alcohol on his person as "moderate to strong."  He placed handcuffs and a flotation device on Furguson, who struggled with Kruse when placed on Kruse's boat.  Furguson repeatedly attempted to remove the life jacket and began shouting that he could not breathe and that he was having a panic attack.  When Kruse asked Furguson to perform field-sobriety tests, he replied, "I'm not doing s**t for you."

{¶8}     The state introduced a video recording of Furguson's actions after he had been restrained.  The recording depicts Furguson repeatedly shouting obscenities at Kruse.

{¶9}     Furguson's fiancée testified that he had been prescribed psychiatric medication but that he had not taken it on the date in question.  She stated that, when he fails to take his medication, he can become aggravated, skittish, scared, or upset.

{¶10}     The trial court found Furguson guilty and sentenced him to a term of community control.

## Sufficiency and Weight of the Evidence

{¶11}     In his first and second assignments of error, Furguson argues that his convictions were based on insufficient evidence and were against the manifest weight of the evidence.  We address the assignments together.

{¶12}     In reviewing the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Waddy*, 63 Ohio St.3d 424, 430, 588 N.E.2d 819 (1992).  To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and

conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice in finding the defendant guilty. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶13} R.C. 1547.11(A)(1), governing the operation of watercraft under the influence of alcohol, provides that "[n]o person shall operate or be in physical control of any vessel underway * * * on the waters of this state, if * * * [t]he person is under the influence of alcohol * * *." The statute governing failure to comply with a police officer's order, R.C. 2921.331, states, "[n]o person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic." Finally, R.C. 1547.521 (A)(2) provides that "state watercraft officers * * * shall enforce this chapter and Chapter 1548. of the Revised Code and rules adopted under them * * *." Under Ohio Adm.Code 1501:47-2-33, all vessels operating on the Ohio River must be equipped with some means of making an efficient sound signal.

{¶14} In this case, the convictions were in accordance with the evidence. We begin with the alleged violation of R.C. 1547.11(A)(1). Because that section is analogous to R.C. 4511.19, the two statutes must be construed in a consistent fashion. *State v. LePard,* 52 Ohio App.3d 83, 84, 557 N.E.2d 166 (6th Dist.1989); *Div. of Waterworks v. Ardale,* 11th Dist. Lake No. 2006-L-099, 2007-Ohio-3022, ¶ 22. To prove that a person is operating under the influence of alcohol within the meaning of R.C. 4511.19, the state must demonstrate that the defendant had consumed some alcohol in a quantity that had "adversely and appreciably impair[ed] his actions or mental processes and depriv[ed] him of that clearness of intellect and control of himself which he would otherwise have had." *State v. Bakst,* 30 Ohio App.3d 141, 145, 506 N.E.2d 1208 (1st Dist.1986).

{¶15} Here, the state presented evidence that Furguson had admitted to operating the boat. Immediately after observing the operation of the boat, the officer detected that Furguson had a moderate to strong odor of alcohol on his person, had glassy and bloodshot eyes, and was belligerent and physically combative. In addition, the officer observed an open container of beer on the boat. Although Furguson contends that his behavior was attributable to his psychiatric condition and not to intoxication, we cannot say that the trial court lost its way in finding him guilty of violating R.C. 1547.11(A)(1).

{¶16} We also find no error in the conviction for failing to comply with the order of the officer. The state demonstrated that Kruse had the authority to inspect watercraft for safety violations and that Furguson had defied Kruse's order to produce the required equipment. Finally, the state presented evidence that Furguson did not have the required sound device on his boat or, at the very least, had refused to show Kruse such a device. For these reasons, we overrule the first and second assignments of error.

### Performance of Trial Counsel

{¶17} In his third and final assignment of error, Furguson argues that he was denied the effective assistance of trial counsel. Specifically, he contends that counsel was deficient in failing to more fully pursue the issue of his psychiatric condition.

{¶18} To establish ineffective assistance of counsel, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable performance and that prejudice arose from counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

{¶19}    In this case, we find no deficiency in counsel's performance. Counsel put Furguson's fiancée on the stand to testify that Furguson had been prescribed medications for a psychiatric condition and that he would behave erratically if he did not take the medications as prescribed.  The trial court simply did not believe that Furguson's behavior on the night in question had been the result of the psychiatric condition or of his not taking the medications.  Furguson has not demonstrated that the result would have been different had counsel adduced more evidence of his condition, and we overrule the third assignment of error.

### Conclusion

{¶20}    The judgment of the trial court is affirmed.

Judgment affirmed.


**DINKELACKER** and **DEWINE, JJ.,** concur.



Please note:

The court has recorded its own entry this date.